OPINION OF THE COURT
Robert D. Lippmann, J.
In this holdover proceeding the landlord moves for summary judgment on the grounds the tenant does not use the apartment in question as his primary residence and, the lease having expired, petitioner is under no obligation to offer a renewal lease to the tenant’s daughter because the succession provisions in the new Rent Stabilization Code (9 NYCRR parts 2520-2530) have been declared invalid by East Four-Forty Assocs. v Ewell (138 Misc 2d 235 [App Term, 1st Dept 1988]).
At issue is whether the succession provisions are invalid *962 under Ewell (supra) decided by the Appellate Term, First Department, in February 1988 or validated in May 1988 by the Appellate Division of the same department in Lesser v Park 65 Realty Corp. (140 AD2d 169) which declared the provisions retroactively effective.
It is not disputed that Adam Blankroth is the tenant of record of apartment 9G at 35 West 64th Street, that his daughters Lisa Ann Blankroth and her sister lived with him since the commencement of his tenancy in 1977, that since 1984 he has not resided there, that Lisa Ann continues to reside there, or that the lease term expired October 31, 1987. Furthermore, there is no question that under Ewell (supra) petitioner is entitled to summary judgment.
In Ewell (supra, at 243) the Appellate Term held invalid the succession provisions embodied in the new Rent Stabilization Code effective May 1, 1987, stating that "It is manifestly inappropriate for an administrative agency, no matter how worthy its motives, to disregard the intent of the Legislature —particularly where that intent has so recently and so clearly been construed by our highest court — and create through administrative fiat rights never contemplated by the Legislature”. It then went on to find that the succession provisions "constitute a breach of the separation of powers doctrine in that they represent an unconstitutional intrusion into the exclusive domain of the Legislature by an administrative agency” (supra, at 244).
The effect of the Ewell ruling is to reinstate Sullivan v Brevard Assocs. (66 NY2d 489 [1985]) which held that rent stabilization laws protect only the primary residence of the tenant and unlike rent control laws which grant the right to renewal leases to family members of the tenant, rent stabilization laws do not. Thus, a landlord need offer a renewal lease only to a tenant of record, and is not obligated to offer a renewal lease to a relative of the tenant who occupies the apartment with the tenant during a portion of the lease term.
Ewell (supra) was decided in February 1988. Two months later, in May 1988, the Appellate Division, First Department, decided Lesser v Park 65 Realty Corp. (140 AD2d 169). It held that the succession provisions in the new Rent Stabilization Code were to be accorded retroactive effect. After retracing the decisional history which led to the Division of Housing and Community Renewal’s (DHCR) failed attempt through its Emergency Bulletin to thwart the effect of Sullivan (supra), the Lesser court stated (at 172-173):
*963 "Shortly after the Emergency Bulletin was invalidated, properly promulgated amendments to a new Rent Stabilization Code, including the salutary provisions here at issue, were enacted, effective May 1, 1987.
"As the foregoing history clearly indicates, the provisions of Rent Stabilization Code § 2523.5 (b) requiring a landlord to offer a renewal lease to members of a departed tenant’s family under certain specified conditions are remedial in nature. These provisions were included in the New Code to prevent grievous harm that would ensue from the wholesale eviction of family members which would otherwise be permitted under the law as set forth in the Sullivan decision and to address the inadequacies in this area of the law in light of its history.”
That court then went on to hold that since the provisions were remedial, they were to be "accorded retroactive effect” (supra, at 173).
As a footnote to the case, the Appellate Division wrote, "Since the parties, both before the IAS court and this court, limited their arguments and briefs to the question of the Code’s retroactivity, it is unnecessary to reach the issue before the Appellate Term in East Four-Forty Assocs. v Ewell” (Lesser v Park 65 Realty Corp., supra, 140 AD2d, at 171, n 1). The Lesser court was, therefore, aware of the issue before the Ewell court. In the meantime, the parties to Ewell (supra) settled the case and moved to withdraw their appeal. However, the Attorney-General’s office, which had been granted permission to intervene in the case, requested the court to restore the appeal and have the Appellate Division decide the question of the validity of the succession rules. (See, Anderson, Family Succession Provisions Deemed to Apply Retroactively, NYLJ, May 9, 1988, at 1, cols 3-4.)
As matters now stand, two appellate courts in the First Department have reached contradictory rulings in two separate cases. One law cannot logically nor legally at the same time be both invalid and retroactively effective. Effect must be given to the law set forth by the higher court. In assigning retroactivity to the succession rules, the Appellate Division recognized DHCR’s authority to enact "the salutary provisions” and found them "properly promulgated amendments” (Lesser v Park 65 Realty Corp., supra, at 172). Thus, while the issue of their validity was not directly argued in Lesser, their validity must needs have been subsumed by the court in reaching its decision. By implication, therefore, if not directly, Lesser overrules Ewell (138 Misc 2d 235, supra).
*964 NCL Realty v Sunga (NYLJ, May 31, 1988, at 21, col 3) decided by the Appellate Term, Second Department, on May 25, 1988 is the first appellate interpretation of the validity of the succession rules since Lesser and Ewell (supra) came down: "Although the Appellate Division did not expressly state its approval of the new code provisions, it indicated that the Court of Appeals, at the time of the decision in Sullivan, lacked the advantage and benefit of reference to the new code definition of 'tenant’ and the succession provisions. We agree that if those provisions had been before the Court of Appeals for consideration, the outcome in Sullivan would have been similar to the determination in Matter of Herzog v. Joy (53 NY 2d 821, affg 74 AD 2d 372), which upheld a limitation on eviction of occupants upon the death of the rent controlled tenant.” (NYLJ, May 31, 1988, at 23, col 5, supra.)
The Sunga court found that the drafters of the rent control regulations "possess no greater power to promulgate succession provisions (New York City Rent and Eviction Regulations, 9 NYCRR 2104.6 [d]; 2204.6 [d] than do the drafters of the rent stabilization code * * * Sullivan may be read to provide that -the DHCR had yet to exercise its power to promulgate a succession provision, rather than the agency lacks such power” (supra, NYLJ, May 31, 1988, at 23, cols 5, 6). Consequently that court found that DHCR’s promulgation of the succession provisions "was made pursuant to the power delegated to it by the Legislature, and-constitutes a reasonable interpretation of that body’s intent with respect to the Rent Stabilization Law” (supra, at 23, col 6).
Since this court must follow the latest decisional law declared by the highest court, it is guided not by Ewell but by Lesser (supra), which holds the succession rules retroactively effective and therefore impliedly valid. Therefore, Sullivan (supra) is no longer controlling with respect to succession rights. Accordingly, based on the undisputed facts presented herein, respondent’s daughter Lisa Ann Blankroth is entitled to a renewal lease in her name as of November 1, 1987 pursuant to section 2523.5 (b) (1) of the new Rent Stabilization Code.
Petitioner’s motion for summary judgment is denied and the petition is dismissed.